**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MELVIN DIAZ,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Civil No. 3:26-cv-00113-GCS** |
| **KEVIN REICHERT,** | ) | |
| **ANTHONY WILLS,** | ) | |
| **ETHAN TELLOR,** | ) | |
| **HEATHER YOUNG, and** | ) | |
| **JOHN/JANE DOE 1,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Melvin Diaz commenced this lawsuit while an inmate of the Illinois Department of Corrections ("IDOC"). He brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed.

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a magistrate judge (Doc. 8), and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

*See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that on July 6, 2025,[2] while housed in North 2 segregation, his toilet "exploded[,] shooting feces," tissue, and sewage water all over his cell. (Doc. 1, p. 5). Water from the toilet flooded his cell and parts of the gallery. *Id*. According to Plaintiff, he notified Correctional Officer Tellor of the situation. *Id.* at p. 6. He asked Tellor to contact a plumber to repair his toilet or if he could be moved to a different cell. After "viewing [the] cell," Tellor denied his requests. Tellor told Plaintiff, "You'll be fine[.] You['re] just going to have to wait until the plumber gets here on Monday." *Id*. Plaintiff asserts that for seventy-two hours, he was without running water in his cell, and his toilet continued to overflow and "shoot sewage water and feces in the air at random time[s]." *Id*.

Plaintiff requested gloves and cleaning supplies so he could clean the cell, but his requests "fell upon deaf ears." (Doc. 1, p. 6). He alleges he was forced to clean his cell with his bare hands and use supplies he had purchased from the commissary. *Id*.

For three days, Plaintiff inhaled the fumes, which he claims causes legionnaires disease. (Doc. 1, p. 6). He was in a state of stress and could not sleep, causing his mental, emotional, and physical health to decline. *Id.* at p. 7. After coming into contact with

---

[2] In the grievance attached to the Complaint, Plaintiff asserts that his toilet malfunctioned on Friday, June 13, 2025. (Doc. 1, p. 11).

human waste, Plaintiff asserts he developed headaches and a rash on his arms and legs. He has submitted several requests to the medical department for treatment but has not been provided with medical care. *Id*.

## PRELIMINARY DISMISSAL

Plaintiff asserts he has not received medical care for his headaches or rash, which he developed from being in contact with human waste for three days. Plaintiff argues that "due to the severity of the situation . . . [he] should have been seen the same day." (Doc. 1, p. 7). He claims he submitted several requests for medical care, and his requests have "[fallen] upon deaf ears." *Id.* at p. 7, 10. Plaintiff argues he has been denied his right to be treated in a human manner and to be free from cruel and unusual punishment. *Id.* at p. 7. Plaintiff does not, however, associate these allegations with any of the named defendants. Under the federal pleading standards, Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. PROC. 8(a)(2). Because Plaintiff does not describe the defendants as being involved in his medical care, any constitutional claim Plaintiff intended to bring for deliberate indifference is dismissed for failure to state a claim.

The Court also dismisses the claims against Warden Wills. Wills is listed in the case caption, but Plaintiff fails to mention him in the statement of claim. The Court is

unable to ascertain what claims, if any, Plaintiff has against Wills. Plaintiff, therefore, has failed to state a claim against Wills, and he will be dismissed from this lawsuit. *See, e.g.*, *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (stating that "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Eighth Amendment[3] conditions of confinement claim against Reichert, Tellor, Young, and John/Jane Doe.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[4] pleading standard.**

---

3 Plaintiff asserts that his rights under the Eighth and Fourteenth Amendments have been violated. (Doc. 1, p. 7). The Court, however, will examine Plaintiff's claim regarding the unconstitutional conditions of his cell under the Eighth Amendment only. Plaintiff's substantive due process claim under the Fourteenth Amendment is redundant of his Eighth Amendment claim so it is dismissed. *See, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (noting that where a claim is covered by a more specific constitutional provision, such as the Eighth Amendment, the Supreme Court has held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process).

4 *See Twombly,* 550 U.S. at 570 (2007).

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez,* 914 F. 3d 1040, 1051 (7th Cir. 2019). To prevail on an Eighth Amendment claim based on constitutionally inadequate prison conditions, the plaintiff must show that (1) the conditions in the prison were objectively sufficiently serious " – *i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety," *Id.,* and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

Plaintiff has sufficiently stated an Eighth Amendment claim against Correctional Officer Tellor. Plaintiff informed Tellor that his toilet malfunctioned, and Tellor was aware of the state of Plaintiff's cell. Tellor, however, failed to take any action to limit Plaintiff's exposure to human waste and the unsanitary conditions of his cell. *See Cobian v. McLaughlin,* No. 16-3141, 717 Fed. Appx. 605, 611 (7th Cir. Nov. 20, 2017); *Vinning-El v. Long,* 482 F.3d 923, 923–924 (7th Cir. 2007); *Johnson v. Pelker,* 891 F.2d 136, 139 (7th Cir. 1989). Count 1 will proceed against Tellor.

Count 1 is dismissed against the remaining Defendants – Warden Reichert, Counselor Young, and John/Jane Doe 1, who is described as a lieutenant in North 2. The only involvement in the alleged incident by these defendants is through the grievance process. Counselor Young reviewed the grievance, John/Jane Doe 1 was consulted by

Young and reported that Plaintiff's toilet had been fixed and was working properly, and Warden Reichert affirmed the grievance officer's recommendation that the grievance be denied. (Doc. 1, p. 7, 10-13). A defendant cannot be held liable for a constitutional violation solely because he denied or mishandled a grievance. It has long been held that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to a violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (explaining that "[o]nly persons who cause or participate in the violations are responsible"). The constitutional violation – denial of sanitary conditions for three days – had already occurred when Defendants became involved in the grievance process. Reichert, Young, and John/Jane Doe 1 did not participate in the violation by denying or otherwise mishandling Plaintiff's subsequent grievance. Count 1 is dismissed as to Reichert, Young, and John/Jane Doe 1.

## MOTIONS FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a Motion for Recruitment of Counsel. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

Other than indicating that he has not been previously represented in another civil

case by court-recruited counsel, Plaintiff does not provide any information in his Motion. He fails to explain the efforts he has made to locate counsel on his own or why he is unable to represent himself in this matter. Accordingly, because Plaintiff has failed to make the threshold showing that he has made a reasonable attempt to obtain counsel, the Motion is **DENIED without prejudice**. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and addresses of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation or copies of his payment voucher for postage. Plaintiff should also explain why he believes he is incapable of litigating this action himself.

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Tellor. All claims against Reichert, Wills, Young, and John/Jane Doe 1 are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate them as parties on the docket.

The Clerk of Court shall prepare for Tellor the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by

Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit includes claims of physical injury, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2(b), Defendant should respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs

or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: September 8, 2026.**

Digitally signed by Judge Sison
Date: 2026.09.08 14:32:48 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.